ALBERTSON & CO. et al. v. BECKLEY-RALSTON CO. et al.

(District Court, N. D. Illinois, E. D.   June 12, 1919.)

No. 1144.

PATENTS ⬤138(2)—INTERVENING CLAIMS—VALIDITY.

   Where one defendant simply copied from original patent, and never in good faith produced a tool of its own, but took the one invented, knowing that the inventor had the right of reissue, defendants are in no position to claim intervening rights, claimed to have been acquired between dates of original patent and reissue.

   In Equity.   Infringement suit by Albertson & Co. and another against the Beckley-Ralston Company and another.   Decree for plaintiffs.

   Williams, Bradbury & See, of Chicago, Ill., for plaintiffs.
   Taylor E. Brown, of Chicago, Ill., for defendants.

   SANBORN, District Judge.   This is an infringement suit, on claims 8, 9, and 10 of the Robert H. Hazeltine reissue patent, No. 13,421, May 21, 1912 (original 918,049, April 13, 1909).   The patent was sustained in Specialty Machine Co. v. Ashcroft Mfg. Co., 213 Fed. 35, 129 C. C. A. 629, in the Second Circuit, reversing (D. C.) 205 Fed. 760.

   The opinions in these cases describe the device quite fully, especially the one in the District Court.   Substantially the same questions were there presented as here, and the evidence does not seem to require any special consideration, except as to defendants' claim of intervening rights claimed to have been acquired by it between the dates of the original patent and the reissue.   The defendant's tool, alleged to infringe, is much closer to the patent device than the one in the New York litigation.   No evidence by way of anticipation was offered which seems to be as pertinent or forceful as that before the New York court.

   As to intervening rights, I do not think the defendants are in any position to claim them, because the Ideal Company simply copied from the original Hazeltine patent in making its own device.   It never in good faith produced an independent tool of its own, but took the one invented by Hazeltine, knowing that he had the right of reissue.   I do not put the decision entirely on the ground of comity, but think the reissue a valid one, and the claims in suit infringed, entirely independent of the New York case.

   There should be a decree for plaintiff, sustaining the reissue, and that the three claims in suit are infringed, with a reference as to damages and profits, with costs.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes